Case 5:17-cv-00154 Document 47 Filed on 09/24/18 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| VICTOR H. CANALES, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 5:17-CV-154 |
| § | |
| H. AYALA, *et al*, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for an evaluation of the Defendant's Motion to Dismiss (Dkt. No. 35) pursuant to 42 U.S.C. § 1997e(a). Because the plaintiff has failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e, the undersigned now **RECOMMENDS** that the District Court, after an independent and *de novo* review of the record, **GRANT** the Defendant's Motion to Dismiss without prejudice (Dkt. No. 35).

### I. Procedural History

The Plaintiff is presently an inmate at the Texas Department of Criminal Justice (TDCJ) Daniel Webster Wallace Unit in Colorado City, Texas. (Dkt. No. 42-1). On January 17, 2018, the Plaintiff filed an Amended Complaint alleging serious failures in the medical care provided to him while he was held at the TDCJ Transfer Facility in Cotulla, Texas. (Dkt. No. 23 at 1-5). One of the Defendants is TDCJ Captain Henry Ayala who ran the Cotulla facility and allegedly showed deliberate indifference to the Plaintiff's serious medical condition. (Dkt. No. 35). On May 21, 2018, Defendant Ayala filed a Motion to Dismiss with prejudice based on the Plaintiff's

1

failure to exhaust available administrative remedies, Ayala's entitlement to Eleventh Amendment immunity, and the Plaintiff's alleged failure to state a claim against Ayala. *Id*. at 2-6.

## II. Legal Standard

"When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff." *Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted). "In testing the sufficiency of a section 1983 complaint, it must be remembered that the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Watts v. Graves*, 720 F.2d 1416, 1418-19 (5th Cir. 1983). Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007). Dismissal may be appropriate, however, when, on its face the complaint establishes the inmate's failure to exhaust. *See Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007).

## III. Dismissal for Failure to Exhaust Available Administrative Remedies

The Defendant is making a 12(b)(6) motion for dismissal based primarily on the Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e before filing suit. (Dkt. No. 35 at 2-6). Plaintiff wrote in his Amended Complaint that:

> Plaintiff understand[s] that he did not file to exhaust administrative remedies before challenging the state action in federal court. But the infection, holes, pain on his body were [] advanc[ing], and had worsened by then.

(Dkt. No. 23 at 5). The Plaintiff concedes that the available administrative remedies set up by the State of Texas were not exhausted before filing his suit but argues that his compliant should go forward because of the serious, ongoing issues with his medical care.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides that:

2

> **No action** shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(emphasis added) 42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust the available administrative remedies even if monetary damages are unobtainable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a **precondition** to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-9 (2006); *Johnson v. Ford*, 261 F. App'x 752, 756 (5th Cir. 2008).

Furthermore, the seriousness of the Plaintiff's allegations is irrelevant to the exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 786 (5th Cir. 2012) (where a prisoner's suit was dismissed despite his allegations of threats, harassment, and excessive use of force); *Watson v. Hughes*, 439 F. App'x 300, 301 (5th Cir. 2011) (prisoner's suit was dismissed for failure to exhaust administrative remedies despite assault allegation); *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (prisoner's suit was dismissed despite allegations that beatings and mistreatment caused deafness); *Hemphill v. Inglese*, 359 F. App'x 537, 538 (5th Cir. 2010) (prisoner's suit alleging improper medical care was dismissed for failure to exhaust administrative remedies); *Johnson v. Louisiana ex rel. Louisiana Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 279 (5th Cir. 2006) (prisoner's suit was dismissed for failure to exhaust administrative remedies despite allegation of sexual assault by a guard).

Based on the precedents of the Supreme Court, 5th Circuit, and the Plaintiff's admission that he did not exhaust available administrative remedies, the undersigned recommends that the case be dismissed on this ground without reaching the other issues raised by the Defendant.

## IV. <u>Recommendation</u>

The Defendant has shown that the Plaintiff has not yet exhausted the available administrative remedies as required by 42 U.S.C. § 1997e. However, this case should be dismissed without prejudice because this "will not cause any injustice or render judicial relief unavailable." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). The undersigned **RECOMMENDS** that the District Court, after an independent review of the record, **GRANT** the Motion for Dismissal without prejudice. Lastly, the Plaintiff is reminded of the two-year statute of limitations on 42 U.S.C. § 1983 claims in the State of Texas. Tex. Civ. Prac. & Rem. Code § 16.003 (West 2005); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

## V. <u>Warnings</u>

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain

error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 24th day of September, 2018.

_____
DIANA SONG QUIROGA
United States Magistrate Judge